IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.                                                                   Civil No. 07-125 WJ/DJS

DONALD F. ROMERO
and THERESA ROMERO,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PARTY
DEFENDANTS' MOTION TO DISMISS AND ORDER STAYING PROCEEDINGS**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Dismiss (Doc. 3). Having reviewed the submissions of the parties and being fully advised on the relevant law, I conclude that the motion is well taken in its substance. However, I will exercise my discretion and stay this case pending the outcome of the state court proceedings rather than dismiss it outright.

**BACKGROUND**

Plaintiff Allstate Insurance Company ("Allstate") filed this declaratory judgment action against its insureds, Donald and Theresa Romero ("Romeros") on February 5, 2007. Plaintiff seeks a declaration that the limit for uninsured motorist ("UM") coverage under the Romeros' policy of insurance is $100,000. The Romeros urge that there is $400,000 available coverage under the policy. The Romeros' policy provided for bodily injury liability coverage of $100,000 per person per vehicle for four vehicles, and under New Mexico law regarding stacking, this provided $400,000 worth of liability coverage for the Romeros. The UM coverage for each

vehicle was $25,000 per person, and, if this limit is valid, stacking would result in uninsured motorist coverage of $100,000. New Mexico law provides that an insurer must provide an insured the option to purchase UM coverage up to the limits of the bodily injury and property damage liability provisions in the policy. N.M. Stat. Ann. 1978 § 66-5-301(A).

      According to Allstate, the Romeros purchased their policy in August 1997, and signed an Uninsured Motorists Insurance (Coverage SS) selection form that explicitly informed them that they had a choice of purchasing UM coverage in an amount up to their Bodily Injury Liability (Coverage AA) limits. Allstate contends that Ms. Romero affirmatively chose to purchase UM coverage with limits substantially lower than the limits for bodily injury liability by checking a box for "25/50" as well as a box stating that she understood that she may only purchase UM coverage up to her limit for bodily injury liability. The Romeros renewed their insurance policy every six months thereafter without changing their UM limits which were at all times disclosed on their declarations page. At issue in this case is whether the selections made in 1997 and the periodic renewals meet New Mexico requirements in the New Mexico Administrative Code § 13.12.3.9 that states in pertinent part that a rejection of UM coverage be in writing and made part of the policy.

      After Allstate filed its declaratory judgment action in this Court, the Romeros along with three other persons filed an action in New Mexico state court seeking declaratory relief against Allstate, an alleged subsidiary of Allstate, and two alleged authorized licensed agents for Allstate. In the state court action, the Romeros seek a declaratory judgment that Allstate and its subsidiary had an affirmative duty to inform its insureds of the right to obtain UM insurance up to the limits of their bodily injury liability limits and obtain an affirmative written rejection of this right. The

Romeros ask that the state court declare that the sales form signed by Ms. Romero was an invalid offering of equal UM limits and was insufficient to serve as a written rejection of UM coverage limits and that the total UM coverage limits available to them to satisfy their claims under the policy is $400,000.  The Romeros alternatively seek a declaratory judgment in state court that the sales form signed by Ms. Romero is void and ineffective as an unfair or deceptive sales practice.

The Romeros filed the instant motion to dismiss requesting this Court to exercise its discretion to decline to exercise its jurisdiction under the Declaratory Judgment Act.  The Romeros contend that the state court is the more appropriate forum for a decision of this issue, and judicial resources would best be served if this action is dismissed.

**DISCUSSION**

In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942), the Supreme Court held that a district court is under no compulsion to exercise jurisdiction under the Declaratory Judgment Act.  In Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995), the Court reaffirmed the Brillhart standard for the exercise of jurisdiction under the Declaratory Judgment Act and held that a district court has discretion to stay or dismiss an action seeking declaratory judgment. [U]nlike coercive actions, declaratory actions do not invoke the federal judiciary's virtually unflagging obligation to exercise its jurisdiction." United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir. 2002) (internal quotations and citations omitted).  "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit . . . not governed by federal law."  Brillhart, 316 U.S. at 495.  The Tenth Circuit has outlined several factors a court should consider when deciding whether to exercise jurisdiction over a declaratory judgment action including: whether a declaratory action (1) would settle the

3

controversy; (2) would serve a useful purpose in clarifying the legal relations at issue; (3) is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata; (4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there exists a better or more effective alternative remedy. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994). While these factors were set forth before the Supreme Court's decision in Wilton, they still provide a useful framework for the exercise of the court's discretion.

In this case, the Romeros filed their action in state court after Allstate filed its declaratory judgment action in this Court. However, the order in which cases are filed does not counsel in favor or against the exercise of jurisdiction under the Declaratory Judgment Act. In Wilton, an insurer filed a declaratory judgment action in federal court on February 24, 1993, and a parallel state court action was filed more than a month later on March 26, 1993. 515 U.S. at 280. As noted, the Supreme Court affirmed the district court's exercise of jurisdiction to dismiss the federal declaratory judgment action. Id. at 290.

There is no doubt that the declaratory judgment action in this Court would settle the controversy between Allstate and the Romeros. However, the state court action would also settle the controversy as it addresses the identical issues raised in this Court, all parties to this case are also parties to the state court action, and, because New Mexico law applies to both cases, all parties will have the same opportunities in each case to litigate the issues fully and raise defenses.

The action here would be useful to settle the legal relations between Allstate and the Romeros with respect to the narrow, retrospective question raised in the case, but might have little effect on the legal relationship between the parties in the future. As both parties point out,

this Court decided the precise issue at hand less than a year ago in Farm Bureau Mut. Ins. Co. v. Jameson, Civil No. 05-1080 JB/WPL (Memorandum Opinion and Order filed October 31, 2006, Doc. 28) (Browning, J.). Yet, the issue is presented again because a decision of this Court on an issue of New Mexico law, while perhaps persuasive, is not binding authority. Another decision by this Court will do nothing to settle the issue and might even create more confusion if decided differently.

The Court is of the view that neither party is attempting to have this issue decided in a particular court for the purpose of procedural fencing or a race to res judicata. Both parties have preferences for a particular forum but this does not mean there is any attempt here to manipulate the courts. With regard to friction between the state and federal jurisdiction and the issue of encroachment, the Court in Brillhart indicated that a federal court might be "indulging in gratuitous interference" by permitting a federal declaratory judgment action to proceed when there is a parallel state court action involving the same parties and addressing the same issue. 316 U.S. at 495. Allstate points to Judge Browning's decision in Jameson and notes that judges of this Court often interpret New Mexico state law. While this Court has been called upon to interpret state law and is competent to do so, it need not do so when jurisdiction is based on the Declaratory Judgment Act. The issue of state law raised in this case is better decided by the state court, particularly in light of the earlier decision on the issue in Jameson that has not put the issue to rest. It does not serve the ends of justice for federal courts to decide issues of state law again and again with no finality to its interpretations.

The Court notes that the state court case involves parties not joined in this case. A decision by this Court will not moot the state court proceedings but will only affect the rights of

5

some of the parties in that case. Thus, there will be two cases decided by two courts using the judicial resources of two systems. Conversely, because all parties to this case are involved in the state court action, a decision in the state court will eliminate the need for a decision in the federal case. Thus, a decision in the state court using the resources of one judicial system will resolve both cases, and judicial economy is best served if this Court declines to exercise jurisdiction over this declaratory judgment action.

The additional parties in the state court action raises further issues of interference and friction between the state and federal systems. If this Court were to decide the issues between Allstate and the Romeros prior to the state court , there would be a preclusive effect on the state court with regard to Allstate and the Romeros. The state court would then have to decide the same legal issue with respect to the remaining parties in the state case, and might be burdened by this Court's determination.

For the above reasons, I conclude that the issues raised in this case are better decided in the parallel proceeding in state court, and I will exercise my discretion to decline jurisdiction under the Declaratory Judgment Act. Wilton advises that, when a federal court declines jurisdiction on the basis of a pending state court proceeding, a stay is often preferable to dismissal because it assures that the federal action can proceed without a time bar if the state case fails to resolve the matter. 515 U.S. at 288 n.2. Accordingly, I will stay proceedings in this case pending the outcome of the state court proceedings in Jordan v. Allstate Ins. Co., No. D-0101-CV-2007-00309. Because the Romeros are the moving party here, I will direct counsel for the Romeros to file a notice in this case when there is a resolution Jordan.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 3) is hereby GRANTED IN PART, and this case is hereby STAYED pending the outcome of the state court proceedings in the First Judicial District Court, County of Santa Fe, State of New Mexico, <u>Jordan v. Allstate Ins. Co.</u>, No. D-0101-CV-2007-00309.

IT IS FURTHER ORDERED that counsel for the Defendants shall file a notice in this case when there is a resolution in the state court case.

IT IS FINALLY ORDERED that all pending motions in this case are STAYED.

_____
UNITED STATES DISTRICT JUDGE